IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **HENRY WAYNE RICHARDSON,** | ) |
| Plaintiff, | ) CASE NO. 2:16-CV-828 |
| v. | ) |
| | ) JURY TRIAL REQUESTED |
| **KOCH FOODS OF ALABAMA, LLC,** | ) |
| Defendant. | ) |

RECEIVED 2016 OCT 18 A 9:45 DEBRA P. HACKETT, CLK MIDDLE DISTRICT ALA

## COMPLAINT

**COMES NOW** the Plaintiff, Henry Wayne Richardson, by and through his undersigned counsel of record, and hereby doth complain against the above-named Defendant, as set forth herein-below.

### I. JURISDICTION & VENUE

1. Plaintiff Richardson files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331 and 1334 (a)(4), as an action arising under the Act of Congress known as Title VII of the Civil Rights Act of 1964, (42 U.S.C. § 2000(e) et seq.), as amended by the 1991 Civil Rights Act, 42 U.S.C. 1981(a), (42 U.S.C. § 1201, et seq.), and the Americans with Disabilities Act ("ADA")(Pub. L. No. 101-336), to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and damages suffered by the Plaintiff, due to the Defendant's discrimination against Plaintiff.

2. Plaintiff Richardson filed a charge of disability discrimination with the EEOC in Birmingham on November 22, 2014. Plaintiff received a right-to-sue on or about July 15, 2016, giving Plaintiff the right to pursue this claim in federal court for 90 days after said receipt. (Exhibit A). On October 4, 2016, counsel for the parties

extended Plaintiff Richardson's right-to-sue period by a tolling agreement for an additional two weeks. (Exhibit B).

3. Venue is proper in the Northern Division of the Middle District of Alabama, since the alleged discriminating action of Defendant occurred in Montgomery County, Alabama.

## II. PARTIES

4. The named Plaintiff, Henry Wayne Richardson (hereinafter "Plaintiff" or "Mr. Richardson") is a citizen of the United States and a resident of Autauga County, Alabama. Plaintiff is over the age of nineteen years.

5. The Defendant, Koch Foods of Alabama, LLC (hereinafter "Defendant" or "Koch Foods"), is a poultry processor located in Montgomery, Alabama. At all times relevant to this complaint, Plaintiff was employed by Koch Foods as a feed truck driver.

## III. STATEMENT OF FACTS

6. Mr. Richardson was hired by Koch Foods as a feed truck driver at Koch Foods' feed mill on or about October 15, 2011. Richardson avers that he performed his job well and received excellent reviews.

7. On or about August 18, 2013, Mr. Richardson suffered a heart attack and was hospitalized. Richardson made a full recovery, and was released from his doctor on or about September 25, 2013. On or about September 26-27, 2013, Mr. Richardson took a required Department of Transpiration (DOT) physical in order to return to work. Mr. Richardson passed the DOT physical and he returned to work on or about September 28, 2013.

8. After Mr. Richardson returned to work, Jay Cheetum (Richardson's supervisor at Koch Foods), began harassing Richardson under the false perception that Richardson's heart attack rendered him disabled, or gave him the appearance of being disabled, and thus a potential liability to Koch Foods.

9. On or about August 7, 2014, Mr. Cheetum issued Mr. Richardson a written warning and suspended Richardson for three days for not taking a callout approximately four days earlier. Mr. Richardson avers this write-up and suspension were unwarranted and pretextual because he, Richardson, had made proper prior arrangements with Carlos Adkins, lead driver, and Mr. Cheetum was informed of that arrangement between Adkins and Richardson prior to the write-up.

10. Mr. Richardson reported his write-up and suspension to Mr. Burchfield of Koch Human Resources. Mr. Richardson also verbally reported Mr. Cheetum's harassing behavior to Mr. Burchfield. Mr. Burchfield properly overturned the write-up and suspension, and Richardson returned to work on August 8, 2014.

11. Approximately two weeks later, on or about August 22, 2014, Mr. Cheetum issued another written warning to Mr. Richardson for being out of work on July 21, 2014 and August 14, 2014, as well as for leaving early on August 4, 2014.

12. Mr. Richardson avers that the second write-up was in retaliation for him reporting the August 7, 2014 write-up to Mr. Burchfield, because the dates listed in the second write-up occurred before Mr. Cheetum issued Mr. Richardson his first written warning.

13. On or about September 11, 2014, Mr. Richardson arrived at work and was informed by Carlos Adkins, lead driver, that Mr. Cheetum had suspended him,

Richardson, until September 15 2016. Mr. Richardson asked Mr. Adkins why he was suspended, but Mr. Richardson was given no reason for his suspension.

14. As a result of the continued harassment, incorrect write-ups, and unwarranted suspension, Mr. Richardson filed a written harassment complaint against Mr. Cheetum with Koch Human Resources on September 11, 2014. That evening, Mr. Adkins contacted Mr. Richardson and informed him that Mr. Cheetum said Mr. Richardson could come back to work the next day, September 12, 2014.

15. Mr. Richardson avers that he made multiple attempts to contact Mr. Burchfield about the harassment he was being subjected to by Mr. Cheetum, but received no response from Mr. Burchfield. Pursuant to Koch's harassment policy, Mr. Richardson thereafter contacted Mr. Bobby Elrod, Corporate Director of Human Resources, to report the harassment by Mr. Cheetum. Although Mr. Elrod was aware of the conditions, neither local management, nor corporate management followed up with Mr. Richardson concerning the complaint.

16. Mr. Richardson avers that he was subsequently subjected to retaliation and retaliatory hostile work environment by Koch Foods and its agents, which included, but was not limited to, Mr. Cheetum throwing away Richardson's time off request forms, Mr. Cheetum also told other employees to make sure that Mr. Richardson received the worst load for his truck, received unwarranted write-ups and suspensions, and was being treated more harshly than other truck drivers.

17. In addition, after he returned from his medical leave, Mr. Richardson avers that Mr. John James, Koch Plant Manager, instructed Mr. Tommy McCray, Koch load out employee, to give Mr. Richardson "the worst loads [Koch] had." Mr. Richardson

also avers that Mr. James and Mr. Cheetum were overheard discussing "how [James and Cheetum] were going to get rid of Richardson because he had a heart attack."

18. On or about September 20, 2014, Mr. Richardson waited from 5:00 AM until 10:45 AM to receive a load for his truck because the mill was down. When Mr. Richardson returned to the mill at 1:15 PM to pick up another load, he was informed by Tommy McCray that night shift could finish the rest of the loads, and Richardson could leave work for the day.

19. Mr. Richardson avers he left work around 1:30 PM, after working an approximate 8 ½ hour day, on September 20, 2014. Two other feed truck drivers had already left for the day prior to Richardson leaving work.

20. On September 24, 2014, Mr. Richardson was terminated by Koch Foods' representative, Mr. John James, Koch Plant Manager, for leaving work early without permission on September 20, 2014.

21. Mr. Richardson avers that other Koch feed truck drivers, namely Bernard Chappell and William Stone, were allowed to leave the job early without it affecting their employment status with Koch Foods.

22. Mr. Richardson avers that he did not abandon his job, and that Koch Foods has discriminated against him by terminating him 1) due to the perception that he is disabled after suffering a heart attack and 2) in retaliation for filing a harassment complaint with Koch Human Resources against Jay Cheetum.

23. As a result of the illegal discrimination practiced against him, Mr. Richardson has suffered extreme mental anguish, lost wages and benefits, and has had to hire an attorney to pursue this matter.

24.  Mr. Richardson avers that the reason given for his termination by Koch Foods is pretextual.

## IV. PLAINTIFF'S FIRST CAUSE OF ACTION
## DISABILITY DISCRIMINATION

25.  Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 24 above, the same as if more fully set forth herein and further avers that the Defendant failed to accommodate Plaintiff's disability by willfully, and/or maliciously, denying Plaintiff a reasonable accommodation, due to the Defendant's perception of Plaintiff's disability as above described.

26.  Plaintiff also avers that Defendant's discrimination against him, due to Defendant's incorrect perception of a disability on the part of Plaintiff, violated the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., prohibiting handicap discrimination.

27.  Plaintiff has lost wages and benefits, and suffered extreme mental anguish as a result of Defendant's discrimination against him, due to Defendant's incorrect perception of a disability on the part of the Plaintiff.

28.  Plaintiff avers that he has pursued and exhausted his administrative remedies.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a) Judgment declaring Plaintiff was discriminated against by the Defendant, due to the incorrect perception by the Defendant that Plaintiff was disabled;

b) An order granting Plaintiff compensation for all lost pay benefits and other rights, to which Plaintiff would have been entitled, had Plaintiff not been the victim of disability discrimination, effective the date of final judgment with back pay for the period that Plaintiff was out of work, and not receiving income;

c) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

d) An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

e) An award of punitive damages; and

f) Such further, other and different relief as the Court may deem appropriate and necessary.

## V. PLAINTIFF'S SECOND CAUSE OF ACTION
## TITLE VII RETALIATION

29.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 24 above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward him violated his right to be free from unlawful retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. § 2000(e), et seq.), and the 1991 Civil Rights Act, and 42 U.S.C. 1981(a).


30. As a proximate cause of Defendant's afore-described actions in retaliating against Plaintiff, due to his complaints of discrimination, Plaintiff was injured and damaged, as set forth in paragraphs 1 through 22 above. In addition, Plaintiff has suffered considerable mental and emotional anguish.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a) Judgment declaring that the Defendant unlawfully retaliated against Plaintiff;

b) An order granting Plaintiff compensation for rights to which Plaintiff would have been entitled, had Plaintiff not been the victim of unlawful retaliation, effective from the date of final judgment;

c) An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

d) An award of punitive damages, due to the egregious nature of the unlawful retaliation practiced against Plaintiff so openly tolerated, ratified and acquiesced in by the Defendant;

e) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief; and

f) Such further, other and different relief as the Court may deem appropriate and necessary.

## VI. PLAINTIFF'S THIRD CAUSE OF ACTION

## RETALATORY HOSTILE WORK ENVIRONMENT

31. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 24 above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward him violated his right to be free from an unlawful Retaliatory Hostile Work Environment, in violation of Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. § 2000(e), et seq.), and the 1991 Civil Rights Act, and 42 U.S.C. 1981(a).

32. As a proximate cause of Defendant's afore-described actions in retaliating against Plaintiff, Plaintiff was injured and damaged, as set forth in paragraphs 1 through 24 above. In addition, Plaintiff has suffered considerable mental and emotional anguish.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a) Judgment declaring that the Defendant unlawfully retaliated against Plaintiff;

b) An order granting Plaintiff compensation for rights to which Plaintiff would have been entitled, had Plaintiff not been the victim of unlawful retaliation, effective from the date of final judgment;

c) An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

d)  An award of punitive damages, due to the egregious nature of the unlawful retaliation practiced against Plaintiff so openly tolerated, ratified and acquiesced in by the Defendant;

e)  An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief; and

f)  Such further, other and different relief as the Court may deem appropriate and necessary.

Respectfully submitted this 17th day of October, 2016.

Henry Wayne Richardson, Plaintiff

BY:

_____
Julian McPhillips (ASB-3744-L74J)
Counsel for Plaintiff

_____
Chase Estes (ASB-1089-F44L)
Counsel for Plaintiff

**OF COUNSEL:**
**MCPHILLIPS SHINBAUM, L.L.P.**
516 South Perry Street
Montgomery, Alabama 36104
(334) 262-1911
(334) 263-2321     FAX
julianmcphillips@msg-lawfirm.com
cestes@msg-lawfirm.com

## JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

_____
OF COUNSEL